# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sean Rudolph Caldwell,

                Plaintiff,        Case No. 25-11744

v.                                   Judith E. Levy
                                     United States District Judge

Washtenaw County Jail, *et al.*,

                                   Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

## OPINION AND ORDER DIRECTING CUSTODIANS TO SET ASIDE 20% OF ALL FUTURE DEPOSITS TO PLAINTIFF'S JAIL TRUST ACCOUNT AND DISMISSING THE COMPLAINT [1]

Sean Rudolph Caldwell is an inmate confined at the Washtenaw County Jail in Ann Arbor, Michigan. Plaintiff has filed a *pro se* civil rights complaint. For the reasons set forth below, the Court orders Plaintiff's custodians at the Washtenaw County Jail to set aside 20% of Plaintiff's future deposits to his account to be used to pay the filing fee, and dismisses the complaint.

**I. The Court orders Plaintiff's custodians to set aside 20% of Plaintiff's future deposits to his jail trust account to pay the filing fee.**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may bring a civil action *in forma pauperis* if they file an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a).

Plaintiff filed an application to proceed without prepaying fees or costs that does not include a certified trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Magistrate Judge David R. Grand signed a deficiency order directing Plaintiff to provide a certified trust account statement. (ECF No. 3).

In a letter to the Court, Plaintiff indicates that jail personnel have not been cooperative in providing him with the information needed for him to proceed without prepayment of fees and costs including a certified trust account statement. (ECF No. 5.) Plaintiff makes a similar allegation in his complaint. (ECF No. 1, PageID.19.)

A district court has the discretion to grant or deny a plaintiff's application to proceed *in forma pauperis*. *See Pointer v. Wilkinson*, 502 F.3d 369, 372 (6th Cir. 2007). Ordinarily, the Court will not consider an

*in forma pauperis* application unless it is accompanied by a certified copy of the plaintiff's trust fund account statement. In general, a federal district court should not grant an *in forma pauperis* application unless it is accompanied by a certified copy of the plaintiff's trust fund account statement. In this case, Plaintiff alleges that he has made diligent, unsuccessful efforts to obtain and submit a certified trust account statement to no avail. (*See* ECF No. 1, PageID.19; ECF No. 5.) In light of the foregoing, the Court allows Plaintiff to proceed *in forma pauperis*. *See McDowell v. Washington*, No. 2:24-CV-10382, 2024 WL 1200947, at *1 (E.D. Mich. Mar. 20, 2024).

Because Plaintiff is proceeding *in forma pauperis*, the Court must assess and, if funds exist, collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. The initial partial filing fee in this case is $ 0.00. After Plaintiff pays the initial partial filing fee, Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2).

The Court further ORDERS the agency having custody of Plaintiff to: (1) withdraw or set aside the initial partial filing fee from Plaintiff's trust fund account; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee.

**II. Screening the complaint**

Because Plaintiff proceeds without prepayment of fees, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which states that "the court shall dismiss the case at any time if the court determines that . . . [ ] the action or appeal[ ] is frivolous or malicious; [ ] fails to state a claim on which relief may be granted; or [ ] seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous if it lacks an arguable basis in law or fact. *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff is pro se, the Court will construe his pleadings liberally. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

5

pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

Plaintiff alleges that, in January 2025, he was suffering from a broken toe and, because of his injury, was sleeping on the floor instead of his assigned space on the top of a bunk bed. (ECF No. 1, PageID.16.) A corrections officer named Tippy instructed Plaintiff to move his bedding from the floor to the top bunk. (*Id.*) Plaintiff alleges that he complied but also that "[a] slight argument started between us" and Tippy came into the cell and pushed Plaintiff several times while Plaintiff called for a sergeant. (*Id.*) Plaintiff claims that, two hours later, he informed another corrections officer that Tippy had pushed him and was handcuffed and taken to "max segregation with a major misconduct." (*Id.* at PageID.17.) Sergeant Beverly informed Plaintiff that he "was being a security threat with a major misconduct." (*Id.* at PageID.19.) Plaintiff lists as Defendants correctional officer Tippy, Sergeant Beverly, Sergeant Fair, and Licensed Practice Nurse Crystal, and states that he sues all four Defendants in their official capacity. (ECF No. 1, PageID.2–3.)

However, Plaintiff's complaint does not contain sufficient allegations "that allows the court to draw the reasonable inference that

6

the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

First, Plaintiff does not set forth the basis for his lawsuit. Specifically, he does not identify the law or laws that Defendants allegedly violated nor does he establish a basis for the Court's subject matter jurisdiction. In the form complaint Plaintiff used, he leaves blank the entire section regarding the Court's "Basis for Jurisdiction." (ECF No. 1, PageID.4–5.) Plaintiff does not specify "what federal constitutional or statutory right(s)" he believes are or were violated by Defendants. (*Id.*) The Court recognizes that Plaintiff is self-represented and is not a lawyer, but it cannot create a claim for Plaintiff that is not set forth in any format in his pleading. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Regarding Defendants Fair and Crystal, Plaintiff does not allege facts regarding either Defendant. Because Plaintiff failed to allege with any degree of specificity how Fair or Crystal were personally involved in or responsible for any violation of law, the complaint must be dismissed

7

against these Defendants also because he has not stated a claim against either. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).[1]

### III. Conclusion

For the reasons set forth above, it is ORDERED that Plaintiff's custodians shall set aside 20% of all of Plaintiff's future deposits in his jail trust account to be applied towards the filing fee in accordance with the terms and conditions outlined in the order, and that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

Because Plaintiff's complaint is legally frivolous, the Court certifies that an appeal of this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is frivolous).

IT IS SO ORDERED.

---

[1] To the extent Plaintiff intended to name Washtenaw County Jail as a Defendant (*see* ECF No. 1, PageID.1), the suit must also be dismissed as to Washtenaw County Jail because Plaintiff does not specify a law or Constitutional right that Washtenaw County Jail violated.

Dated: September 9, 2025       s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2025.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager